IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YVONNE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE No. _____ |
| BLUE SKY BUSINESS, INC., | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

COMES NOW, YVONNE BROWN, by and through the undersigned counsel, and files this, her Complaint against Defendant BLUE SKY BUSINESS, INC. pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District

of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff YVONNE BROWN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Douglasville, Georgia (Douglas County).

4. Plaintiff suffers from Epilepsy, Multiple Sclerosis ("MS") and has suffered multiple injuries resulting in irreversible damage to her legs, and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6. Plaintiff uses a wheelchair for mobility purposes.

7. Defendant BLUE SKY BUSINESS, INC. (hereinafter "Defendant") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

8. Defendant may be properly served with process via its registered agent for service, to wit: Mosummoth Khaton, 3414 Skyview Drive, Lithia Springs, Georgia, 30122.

## FACTUAL ALLEGATIONS

9. On or about November 29, 2020, Plaintiff was a customer at "Texaco Food Mart," a business located at 6990 S. Sweetwater Road, Lithia Springs, Georgia 30122.

10. Defendant is the owner (or co-owner) of the real property and improvements that are the subject of this action. (The contiguous structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

11. Upon information and good-faith belief, Defendant also operates the business located in the "Texaco Food Mart" portion of the Facility.

12. Plaintiff lives approximately nine (9) miles from the Facility and Property.

13. Plaintiff regularly travels in the near vicinity of the Facility and Property.

14. Plaintiff's access to the business(es) located at 6990 S. Sweetwater Road, Lithia Springs, Georgia 30122, (Douglas County Property Appraiser's parcel number 04711820022), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will

be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

15. Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility and Property once the Facility and Property are made accessible.

16. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

17. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to her access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

18. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

19. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

20. The effective date of Title III of the ADA was January 26, 1992 (or

January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21. The Facility is a public accommodation and service establishment.

22. The Property is a public accommodation and service establishment.

23. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

25. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

26. The Facility must be, but is not, in compliance with the ADA and ADAAG.

27. The Property must be, but is not, in compliance with the ADA and ADAAG.

28. Plaintiff has attempted to, and has to the extent possible, accessed the

Facility and the Property in her capacity as a customer of the Facility and Property, and as an advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30. Defendant has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility

and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

31. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

32. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a)   EXTERIOR ELEMENTS:**

(i)   The Property lacks an accessible route from the public sidewalk to the accessible entrance(s) of the Facility, in violation of section 206.2.1 of the 2010 ADAAG standards.

(ii)   The accessible parking space on the Property most proximate to the "New Jerusalem Fellowship" portion of the Facility is missing proper identification signage, in violation of section

502.6 of the 2010 ADAAG standards.

(iii) The accessible parking space on the Property most proximate to the "New Jerusalem Fellowship" portion of the Facility does not have an adjacent access aisle, in violation of section 502.3 of the 2010 ADAAG standards. Further, this accessible parking space on the Property does not properly adjoin an accessible route, in violation of section 502.3 of the 2010 ADAAG standards.

(iv) The accessible parking space on the Property most proximate to the "Texaco Food Mart" portion of the Facility is missing proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards.

(v) The access aisle adjacent to the accessible parking space on the Property most proximate to the "Texaco Food Mart" portion of the Facility has a slope and cross-slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(vi) The access aisle adjacent to the accessible parking space on the Property most proximate to the "Texaco Food Mart" portion of

the Facility also has broken pavement and divots in excess of 2" within its boundaries, also in violation of section 502.4 of the 2010 ADAAG standards.

(vii) The accessible parking space on the Property most proximate to the "Pirate Staffing" portion of the Facility is missing proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards.

(viii) The accessible parking space on the Property most proximate to the "Pirate Staffing" portion of the Facility and its associated adjacent access aisle have significant and excessive vertical rises within their boundaries, in violation of section 502.4 of the 2010 ADAAG standards.

(ix) The walking surfaces of the accessible route on the Property that leads to the entrance of the "Pirate Staffing" portion of the Facility have cross-slope greater than 1:48 and a running slope in excess of 1:20 (one to twenty), in violation of sections 403.2 and 403.3 of the 2010 ADAAG standards. This portion of the accessible route also has a total vertical rise greater than 6" (six inches), but does not have handrails complying with section

       505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(x) Due to a lack of parking stops that encourage vehicles to pull up far enough to block the accessible route to the entrances of the Facility, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36" (thirty-six inches) inches required by section 403.5.1 of the 2010 ADAAG standards. Specifically, the lack of parking stops in the parking area that faces the propane storage tank on the Property restricts access to the "New Jerusalem Fellowship" portion of the Property.

(xi) The Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property and/or Facility, in violation of section 206.2.2 of the 2010 ADAAG standards.

**(b) INTERIOR ELEMENTS:**

(i) Insert Summary of Restroom Violations;

(ii) The interior of the "Texaco Food Mart" portion of the Facility has sales and services counter lacking any portion of which that

has a maximum height of 36" (thirty-six inches) from the finished floor, and further, has features that have a reach depth exceeding 25" (twenty-five inches), in violation of sections 308.2.2 and 904.4 of the 2010 ADAAG standards.

(iii) The interior of the "Texaco Food Mart" portion of the Facility lacks restrooms signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards.

(iv) The hardware on the restroom doors in the Facility have operable parts (doorknob and twist lock) that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(v) The lavatories and/or sinks in the restrooms in the Facility have exposed pipes and surfaces that are not insulated or configured to protect against contact with the skin, in violation of section 606.5 of the 2010 ADAAG standards.

(vi) Defendant has ambulatory configuration toilet compartments in the restrooms of the "Texaco Food Mart" portion of the Facility that attempt to comply with section 604.8.2 of the 2010 ADAAG standards; however, there are no toilet compartments

11

      in said restrooms compliant with section 604.8.1 of the 2010 ADAAG standards. As a result, Defendant is in violation of section 213.3.1 of the 2010 ADAAG standards. Further, the accessible toilet stalls in the restrooms in the Facility has grab bars adjacent to the commodes therein, that do not comply with section 604.5 of the 2010 ADAAG standards for either ambulatory or standard configured commodes.

(vii) The controls on the faucets in the restrooms in the Facility require pinching and turning of the wrists, in violation of section 309.4 of the 2010 ADAAG standards.

(viii) The actionable mechanism on the paper towel dispensers in the restrooms in the "Texaco Food Mart" portion of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(ix) Due to an apparent policy of storing inventory and other items within the accessible routes inside the "Texaco Food Mart" portion of the Facility, those routes lack 36" (thirty-six inches) of clear width, in violation of section 403.5.1 of the 2010 ADAAG standards.

(x) Upon information and good faith belief, Defendant has a policy of permitting able-bodied patrons to utilize the restrooms in the Facility, but denies such use to disabled patrons, constituting disability discrimination under the ADA.

33. The Property has not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities in violation of section 28 C.F.R. § 36.211.

34. Upon information and good faith belief, Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities on the Property are readily accessible to and usable by disabled individuals.

35. Without limitation, the above-described violations of the 2010 ADAAG standards made it more difficult for Plaintiff to travel upon the accessible routes inside the "Texaco Food Mart" portion of the Facility, and rendered Plaintiff unable to conduct her business while inside the "Texaco Food Mart" portion of the Facility. Further, Defendant's discriminatory policies prohibited Plaintiff from utilizing the restroom in the "Texaco Food Mart" portion of the Facility.

36. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the

Facility and Property.

37. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

38. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

41. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be

modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the

physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d)   That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e)   That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: January 11, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich